No. 649
MYERS v. STATE
No. 19195. Supreme Court
On motion to certify. Dock. June 10, 1925; 3 Abs. 386.

1235. VERDICT—In misdemeanor cases, where imprisonment may be part of the punishment, may Court positively direct jury to return verdict of guilty?

A complaint was filed with the Mayor of Chillicothe charging that Earl Myers on Sept. 21, 1924, said day being Sunday, unlawfully and purposely exhibited to the public a moving picture show. Myers was held to the Ross Common Pleas, under bond.

An indictment was returned charging Myers with the same offense as contained in the complaint. On trial, a motion was made by the State, at the end of all the testimony to direct a verdict of guilty. Over objection of Myers the motion was sustained and the jury had submitted to them, by the Court, but one form of verdict, namely the verdict finding Myers guilty. This judgment was affirmed by the Court of Appeals.

The question to be determined is whether or not the trial court, in a misdemeanor case where imprisonment may be a part of the punishment, has the power positively to direct verdict of guilty over objection of defendant.

It is contended that "the jury cannot be directed to render a verdict of guilty, no matter how convincing the evidence may be, even where the facts are submitted or settled beyond any possibility of dispute. The constitutional right of the accused to have his guilt or innocence determined by a jury of his peers, can not be denied by the arbitrary exercise of the judicial power."

It is claimed that where imprisonment may be imposed as punishment for commission of an offense, the accused is entitled to a trial by jury; and the fact that such imprisonment was not included in the sentence of the court does not affect the right of accused to a jury trial.

It is contended that the court had no authority to grant a new trial if the jury rendered an acquittal, yet the court by positive direction to the jury to return a verdict of guilty did more than it had a right to do had the jury rendered a verdict for acquittal.

Attorneys—Garrett S. Claypool and W. W. Boulger for Myers; W. N. McKenzie, Pros. Atty. and John P. Phillips for State; all of Chillicothe.

---

No. 650
STATE ex v. KINKEAD et
No. 19204. Supreme Court
IN PROHIBITION.

681. JURISDICTION—Where Common Pleas Court has issued an order and decree concerning custody, support, etc. of minor children and has certified the said order to the Juvenile Court; may it subsequently revoke said order and enter another, changing the meaning and purport of its first order?

Edgar B. Kinkead and others are duly elected, qualified, and acting judges of tre Franklin Common Pleas. It is alleged in the petition of Maude Wade upon whose relation the State brings this action, that on August 20, 1924 in the Franklin Common Pleas a divorce was decreed under which she was given care, custody, control and education of two minor children and the defendant in said divorce proceeding, Claude Wade was ordered to pay for the support and maintenance of herself and said minor children $65 per month to be reduced to $50 per month in two and one-half years. This order was then certified to the Franklin Juvenile Court for further proceedings.

On Jan. 16, 1925, the Court of Common Pleas entered a decree concerning the custody of the minor children, revoked the order of August 20, 1924, and ordered said minor children placed in custody of their paternal and maternal grandparents, both residing in Indiana; and provided that the custody should alternate between the paternal and maternal grandparents every six months period and ordered that Claude Wade pay to said grandparents the sum of $40 per month for support of said children.

Mrs. Wade, on Feb. 6, 1925 moved that this last order be set aside and vacated, because said court was without jurisdiction to hear and determine the matter of the custody and support of the minor children. This motion was overruled.

Maude Wade filed a petition in the Supreme Court and contended, that the Common Pleas had no jurisdiction to make said order and decree of Jan. 16, 1925 for the reason that on the first order and decree it had certified said matters to the Juvenile Court, and under 8034-1 GC. to custody and support of said minor children upon such certification all matters relative were vested exclusively in the Juvenile Court.

And it is further contended that the Court of Common Pleas exceeded its jurisdiction and authority by decreeing that said minor children be sent beyond the jurisdiction of the court, and beyond the limits of the State of Ohio, and placing them in custody of non-residents of the State.

Maude Wade prays that an order issue to said judges of the Franklin Court of Common Pleas restraining and prohibiting them from carrying out or enforcing said orders and decrees so made on Jan. 16, 1925.

Attorneys—James C. Nicholson for Wade; Columbus.